UNITED STATES DISTRICT
EASTERN District of ARKANSAS

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
JUN 1 2 2013
JAMES W. McCORMACK, CLERK
By:_____ DEP CLERK

Barry G. Aaron                    Plaintiff
        VS   Case# 5:13-00139
Ray Hobbs ET-AL                   Defendant's


        Motion To Amend Complaint


   Plaintiff ask this honorable court for
permission to file a superseding Amended
Complaint.
   Plaintiff wishes to remove Defendants
Hobbs, Magness and Glover from His
defendant list.
   Plaintiff has detailed each defendant
and shows where they should be a part
of this complaint since the are directly
involved with the issue on the table.
   Plaintiff prays the court grants his
amended petition, "complaint"


            Respectfully Submitted
            Barry G. Aaron

**FORM TO BE USED BY PRISONERS IN FILING A COMPLAINT
UNDER THE CIVIL RIGHTS ACT, 42 U.S.C. § 1983**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
_____ DIVISION**

**CASE NO. _____**

I.     Parties

In item A below, place your <u>full</u> name in the first blank and place your present address in the second blank.  Do the same for additional plaintiffs, if any.

A.     Name of plaintiff: *Barry G. Aaron*
       ADC # *97176*

       Address: *2501 State Farm Rd. Tucker Ar 72168*

       Name of plaintiff: _____
       ADC # _____

       Address: _____

       Name of plaintiff: _____
       ADC # _____

       Address: _____

In item B below, place the <u>full</u> name of the defendant in the first blank, his official position in the second blank, his place of employment in the third blank, and his address in the fourth blank.

B.     Name of defendant: *Dr. Sadeem Mahmood Et-Al*

       Position: *Doctor* ~~s~~

       Place of employment: *St. Vincent Infirmary*

       Address: *7200 S. Hazel St. Pine Bluff, Ar 71603*

       Name of defendant: *See Submitted Defendant List.*

       Position: _____

       Place of employment: _____

Place of employment: _____

Address: _____

Name of defendant: _____

Position: _____

Place of employment: _____

Address: _____

Name of defendant: _____

Position: _____

Place of employment: _____

Address: _____

II.   Are you suing the defendants in:

☐   official capacity only
☐   personal capacity only
☑   both official and personal capacity

III.   Previous lawsuits

A.   Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action?

Yes _X__   No ___

B.   If your answer to A is yes, describe the lawsuit in the space below.  (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

☐   Parties to the previous lawsuit:

Plaintiffs: *Barry G. AAron* _____

_____

Defendants: *Ray Hobbs Et-AL* _____

_____

☐   Docket Number: *5:13-00139*

☐   Name of judge to whom case was assigned: _____

☐   Disposition: (for example: Was the case dismissed?  Was it appealed?
Is it still pending?) *Still pending*

☐   Approximate date of filing lawsuit: *May 8, 2013*

☐   Approximate date of disposition: *N/A*

IV.   Place of present confinement: *Tucker Max*

_____

V.   At the time of the alleged incident(s), were you:
(check appropriate blank)

_____ in jail and still awaiting trial on pending criminal charges

*✓* serving a sentence as a result of a judgment of conviction

_____ in jail for other reasons (e.g., alleged probation violation, etc.)
explain: _____

_____

VI.   There is a prisoner grievance procedure in the Arkansas Department of Corrections.
Failure to complete the grievance procedure may affect your case in federal court.

A.   Did you present the facts relating to your complaint in the state prisoner grievance
procedure?

Yes *✓*   No ____

B.   If your answer is YES, attach copies evidencing completion of the final step of
the grievance appeal procedure.  FAILURE TO ATTACH THE REQUIRED
COPIES MAY RESULT IN THE DISMISSAL OF YOUR COMPLAINT.

C.   If your answer is NO, explain why not: *The court already
Has the original copies of grievances.*

3

VII.   Statement of claim

State here (as briefly as possible) the facts of your case.  Describe how each defendant is involved.  Include also the names of other persons involved, dates, and places.  Do not give any legal arguments or cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  (Use as much space as you need.  Attach extra sheets if necessary.)

I was denied serious medical treatment with callous and deliberate indifference to a serious medical need to correct the symptoms caused by the pace maker installed by Dr. Sadeem Mahmood. The refusal to repair the damage to the devise is cruel and unusual punishment, in violation of the 8th amendment. Defendant Fallhowe knew or should have known about my symptoms July 10, 2012 or as soon as she took charge in 2012. Defendant Carswell knew on July 12, 2012 that I was suffering from a pace maker that was shocking me 24-7. Defendant Kelley could have took charge as early as September 17, 2012, and stopped my suffering. Defendant Babach placed me in a cell with no intercom causing fear that increased the pain and

Suffering, Defendant's Carswell, Kelley, and Babach refused to provide proper medical care to stop the pain and suffering. This is deliberate indifference with callous disregard and cruel and unusual punishment, a 8th amendment violation. Defendant Fallmare could have had all my symptoms stopped herself and she refused me proper medical care. this is deliberate indifference, callous and deliberate ~~disgu~~ disreguard to a very serious medical need that was causing damage to my heart. This refusal of medical is a 8th amendment violation cruel and unusual punishment.

Defendant's Davis and woods conspired and Davis did not treat me until January 22, 2013 ~~November~~ and refused me medical treatment until March 1, 2013. Her and wood's actions and inaction are a 8th amendment violation for forcing me to suffer 2x3 days. All Defendants are guity of violation of the 1st, 6th, 8th and 14th amendments.

"See statement of the case"

5

VIII.   Relief

State briefly exactly what you want to the court to do for you.  Make no legal
arguments.  Cite no cases or statutes.

1. 3,850,000 dollars in actual compensatory
and punitive damages. 2. Appointment of Counsel.
3. Jury trial. 4. Injective relief. 5. Exercise
of pendent jurisdiction. 6. Any and all other
relief entitled to by law for my mental
and physical abuse and suffering.

I declare under the penalty of perjury (18 U.S.C.  § 1621) that the foregoing is true and

correct.

Executed on this   9   day of   June   , 20 13 .

Barry S. Eaton

Signature(s) of plaintiff

Plaintiff's
Witness List

1. Sgt. A. Musgrove, A.D.C.
Transparation, Tucker Unit.

2. Sgt. Ricky Williams, A.D.C.
Transportation, Tucker Unit.

3. Sgt Linsey, A.D.C.
Transportation, Pine Bluff, Ark.

4. Sgt. James Sexton, A.D.C.
Security, Hawkins Unit.

5. Mrs Alva Green.
Carlson Infirmary Manager, Tucker
Max Unit.

6. Doctor David Rutlen
U.A.M.S. Little Rock, Ark.

7. Doctor Elena Ambragini
U.A.M.S. Little Rock, ARK.

8. Doctor William Rollefson
the Heart Hospital, Little Rock, ARK.

9. Inmate F. Holland 86963
Tucker Max Unit.

Plaintiff's
Submitted Defendant List

1. Doctor Sadeem Mahmood
7200 south Hazel St, Pine Bluff, Ar. 71603

2. Wendy Kelley, medical Director.
ARK. Department of Corrections

3. Doctor Cynthia Renee Fallhowe.
Corizon medical administrator
Pine Bluff, A.D.C control office.

4. Doctor Alton Babich.
Corizon medical services, Tucker
Max unit.

5. Doctor Sonya Pepper Davis.
Corizon medical Services, Tucker
Max unit.

6. Jacqueline Carswell, R.N.P.
Corizon medical Services, Tucker
Max unit

7. Carlos Woods, LPN, Corizon medical
Services, Tucker Max unit.

STATEMENT OF THE CASE

## Facts

August 1, 2008, I arrived at Tucker Max. I was under medical care for hypertension, asthma Ect.

Approx 3 years and 2 months later I was sent to St. Vincent hospital with chest pains, placed under the care of a doctor employed by St. Vincent infirmary.

Carizon knew or should have known the cardiologist who had treated me prior to this date and being placed in the care of a different doctor who knew nothing of my prior medical condition, by St. Vincent infirmary shows deliberate indifference.

Carizon employes continued to send me to this cardiologist knowing that each time I saw him I recived No treatment to stop the suffering this doctor started, which is a 8th amendment violation.

I was placed in a infirmary ward by a carizon doctor and he knew the intercom to be out of order,

1 of 3

leaving no way for me to contact a
nurse, causing additional stress to a
serious medical condition that is a 8th
amendment violation and deliberate
indifference.

Grievances were written concerning this
and other issues stated in the complaint.
No action was taken to solve or
correct the things brought to the
medical directors attention and
this is a 6th, 8th and 14th amend-
ment violation and deliberate
indifference to a serious medical
need.

The doctor in charge who approves
doctor office visits had been made
aware of my medical condition and
refused to exercise her authority
as overseer of Corizon doctors and
nurses, to stop the office visits to
the doctor who refused to correct
a medical condition he created.
This is a 8th amendment violation
and deliberate indifference to a
serious medical need.

I am 58 years old and cannot work or play sports like I could before this surgery.

These conditions have left me in great stress and desires and I fear the defendant's through deliberate indifference and constitutional violations have father damaged my heart and cause a abnormaly high blood pressure that has caused a increase in the number of medications used to control my high blood pressure.

These conditions directly to the defendants fault has shorten my life and neither I nor others should be subjected to this kind of treatment. I was not sentenced to death.

My serious medical condition was ignored for 248 days. This is a 8th amendment violation cruel and unusual punish and wanton infliction of pain, driving me to the point of being insane.

## Specific Facts

1. October 6, 2011 I had chest pains and was sent to St. Vincent infirmary. I was treated by Dr. Sadeem Mahmood.

2. The following week in October 2011 I had a heart cath that showed no blockage.

3. The following week Dr. Mahmood sent a 24 hour heart monitor to Tucker Max infirmary for me.

4. Approx. 6 months later the results of this test was sent to Tucker Max infirmary. According to Dr. Mahmood's diagnosis there were life threatening things wrong with my heart.

5. May 24, 2012 I was seen by Dr. Mahmood and I was told I would die without a pace maker.

6. June 9, 2012, I had chest pains and other issues with blood pressure. I was sent to U.A.M.S. and over a spand of 3 days put through every kind test known for my heart by Dr. David Purlan and Dr. Elena Ambragini. These Doctors said my heart was strong and

it needed no assistance from a pace maker.

7. June 13 and 17TH, 2012 I jogged and walked 11 miles, 5 ½ each day and felt great.

8. When I expressed to R.N.P. Carswell that I did not need the pace maker, she told me to not refuse this surgery that would take place soon.

9. June 19, 2012 I went to St. Vincent infirmary where Dr. Mahmood put a two chamber pace maker in me. I was told care instructions and to exercise by walking.

10. July 10, 2012 while walking, I started having rapid heart beats, shocks and body jurking. I was sent to St. Vincent E.R. while in route EMT had to use the defibrillator to bring my rapid heart beats back to normal.

11. I was placed in the unit infirmary by Dr. Babich. This doctor knew the intercom was out of order and when I ask to be sent back to my living quarters, Dr. Babich said he would

2 of 6

hand cuff me to the bed if I refused
to go on my own. This caused me to
panic and fear for my life. This was
deliberate indifference, wanton
infliction of pain and cruel and unusual
punishment, in violation of the 8th
amendment. Grievance # 122060
12 July 16, 2012 I was seen by Dr. Mahmood,
his electronic tech attemped to stop the
shocks and jurks happening to me caused
by the pace maker, x rays were done
at J.R.M.C. and I was told after
I got back to the unit that both leads
were in place. My symptoms did not
stop and o48hours later I was released.
13. From July 19, 2012 to July 25, 2012, No
matter who I talk to, I received no
treatment. I saw carlos woods, the
sick call nurse, who said he talked to
Ms. Carswell who said my symptoms were
normal according to Dr. Mahmood, this
Action and inaction by both Nurse woods
and Ms. Carswell shows deliberate
indifference and callous disregard
to a serious medical need inflicting

3 of 6

more pain and stress, in violation of
the 8TH amendment. Grievance # 122099.
14. August 13, 2012 I filed another grievance
# 122284 about the nontreatment by
Dr. Mahmood and ask to see Dr. Palletson.
All three grievances were answered by
Director Kelley on october 17, 2012. Her
actions and inaction are a 6TH, 8th
and 14TH amendment violation showing
deliberate indifference, callous disregard
and cruel and unusual punishment by her
Not taking action to salve the pain
and Suffering I was experencing from
the pace maker Dr. Mahmood insist
nothing was wrong with.
15. August 28, 2012 I saw Dr. Mahmood
for the second time only to receive No
treatment for my symptoms in violation
of the 8TH amendment, cruel and
unusual punishment, Deliberate indifference
and wanton infliction of pain.
16. October 18, 2012 I saw Dr. Mahmood
the third time only to receive No
treatment. The doctor's actions and
inactions show deliberate indifference

4 of 6

and callous disregard to a medical
problem he caused, in violation of the
8th amendment, cruel and unusual
punishment.

17. The forth time I saw Dr. Mahmood,
November 29, 2012 only to receive no
treatment for the symptoms he caused.
Dr. Mahmood's actions and inactions
show callous disregard, deliberate
indifferenc and wanton infliction
of pain to a serious medical need
that was causing pain and suffering
that there was no relief for, showing
him to be in violation of the 8th
amendment, cruel and unusual
punishment.

18. Ms. Carswell contacted Dr. Pepper
Davis by inter office to inform her of
my condition until January 22, 2013. I
left the infirmary with no treatment
for my symptoms, the appointment denied
by Dr. ~~Falluhre~~ Fallhowe, with callous
disregard to a serious medical need,
a 8th amendment violation, cruel and
unusual punishment, and deliberate

indifference. Dr. Fallhowe could have
put a stop to this suffering upon the
first request to see Dr. Rollefson, and
this and all her actions and inactions
reenforce the constitutional violations.
19. Febuary 26, 2013 Dr. Davis ordered
pain medication for gougt and told
me I was to see another doctor soon.
I was in so much pain it was driving
me insane. At this time I had suffered
around the clock for 240 days.
20. March 1, 2013 I saw Dr. William
Rollefson. His electronic tech's attemped
to adjust the pace maker Dr. Mahmood
said was fine and both leads connected,
and could not get a reading on the
top chamber. X rays were done that
showed the lead that was suppose to be
connected to the top chamber approx.
3 inches from my heart, the end loose in
the main artery. Dr. Rollefson said this
was the cause of my pain and suffering
and that 243 days of the symptoms I
was having was enough to cause any
person to go insane.

## Allegations

1. That the defendant's are all charged
with the presumption to know the law
regarding all issues of this action, and
do know or should know that their actions
and inactions are in violation of the 6TH,
8th and 14 amendments of the United
States Constitution and thereby have and
do cause the direct and proximate injury
complained of. Since the menaces
enumerated herein are pervading ones
left uncorrected in contemp of court
specific injury need not be Shown as
to every claim.

2. Defendant Kelley is directly charged
by statute with the health, safety and
well being of all prisoners-regaurdless
of who holds the contract to provide
healthcare and are specifically charged
with gathering information on prisoners
care, and keeping statistics on those
factors identified as prevading menaces
herein, yet failed to do so or failed
to correct said menaces or conditions

of care, thereby directly and proximately causing the injuries complained of.

3. Defendant's of Corizon and it's agents have a contract ractual relation and owe a duty to provide adequate preventative and curative healthcare to prisoners equal to that of a free person and failed in that duty by Not reasonable acting to remedy the unconstitutional Non-care and remedy the incidence's of deliberate Indifference and cruel and unusual punishment.

4. I allege an overt and covert conspiracy to jeopardize my health safty and well-being as a prisoner; (A) Between and amoung Detendant Mahmood in failing to meaningfully diagnosis and treat the symptoms that I had being caused by the pace maker he installed, primarily for the sake of medical profit; (B) The Defendant of A.D.C primarily for the sake of saving expenses and avoiding the manifold cost" (both real and abstract) in bring under control the inadequate

unconstitutional care and diagnosis
of the symptoms causing the pain and
suffering I was experiencing; (C) Among
the Defendant of A.D.C. and the
Defendant's of Corizon and Defendant
Mahmood to mutually enhance the profit
of one, saving of cost's of the other;
and (D) Between A.D.C., Corizon and
Mahmood for unlawfully retaliating for
Plaintiff seeking proper health care.
5. Plaintiff alleges that the defendant's
separately and together stand in
Loco Parentis to there prisoners,
Consequently, Defendant's owe an
affirmatived duty to properly diagnosis
and treat all prisoners, where medical
concerns is the earliest diagnosis, the
best treatment for prolonging life,
Defendant's most affirmatively act to
help prisoners, dispite themselves, no
matter the cost.
6. Plaintiff alleges that given the prevading
problems of inadequate medical treatment,
the contract between A.D.C. and Corizon
in itself is an unconstitutional invidious,

and prevading menace between it 13
such that the Less healthcare provided,
the greater the private medical profit
for Mahmaad and Corizon. Prisoners have
suffered violation of rights and law solely
because Defendant's have underestimated or
Short-cut healthcare demands of the prison
population, sought to outbid competitors, or
desire to make a commodity out of prisoners
for private profit.

7. Plaintiff alleges that Defendant's act's
and omissions violate a host of State laws
as well and therefore pendent jurisdiction
should be engaged.

8. Plaintiff alleges that the unreasonable
unhealthy length of time to diagnosis and
treat the symptoms caused by the pace
maker, has caused futher damage to
His heart and rendered him "disable"
and should be intitled to the special
protection and remedies of disability laws
as they operate on the suite, oth State
and federal.

# FIRST CAUSE OF ACTION

1. Plaintiff incorparate under this count, see facts and Allegations of my complaint.

2. Defendant's have each repeatedly and systematicly, separtely and together, remained deliberately indifferent to my serious medical need, refused adequate and obvious medical treatment repeatedly remained deliberately indifferent to grossly negligent in treating a serious medical need, and preventing it's excelleration, and direct and provimately caused a life threatening situation from the damage being done to His heart and ~~have~~ denied medical treatment, in violation of the 8th and 14th amenments, pratection against cruel and unusual punishment and 42 U.S.C 1983.

3. Defendant's owe a duty in Loco Parentis to accuse my health,

safety and welfare where I am
not able to help myself, and failed
in that duty.
4. Defendant's were fully aware of
my serious Life-Threatening side
affects caused by the pace maker
installed by Defendant Mahmood,
and any person with common sense
knows that a pace maker does not
shock, and by ignoring this serious
medical Need for 243 days, has
caused additional damage to
His heart, Defendant's deliberately
with gross negligence ignoring my
medical Need, increased His
hypertension by the stress, and
this direct life-Threatening side
affects whose Impact has affected
the very quality and duration
of my life.
5. For this subjection to Cruel and
unusual punishment I seek
1,000,000 dollars in compensatory
and 2,000,000 dollars in punitive
damages because there kind of
problems are recurring.

2 of 6

## Second Cause of Action

1. I incorparate under this count
see facts and allegations of my
complaint.

2. Defendant's Seperately and
together have conspired to directly
and proxmately caused My Life-
Threatening damage to my heart
by ignoring the symptoms caused
by the pace maker, refused to
give any type of diagnosis that would
stop the pain and suffering accuring,
retaliated against me for not
Silently accepting their unlawful
action, in Violation of the 8th and
14th amendments and 42 USC 1983.

3. Defendant's approved for me to
be treated by a doctor who's only
purpase was to diagnosis unnecessary
treatment for profit, ignoring my
complaints that this Defendant
had no intention of doing, and
diagnosis's to stop my suffering because
the expense would come out of his

3 of 6

own pocket. Defendant Mahmood
conspired with Defendant's Carswell
and Davis attempting to cover his
actions and inactions, causing obvious
injury and direct retaliation for
my effort to stop the pain and
Suffering.
4. For these violations I seek the
Sum of 250,000 dollars compensatory
and 500,000 dollars in punitive
damage.

## Third Cause of Action

1. I incorporate under this count
See facts and allegations of my complaint.
2. The medical contract between A.D.C.
and Corizon is unconstitutional because
there is an inherant conflict of interest
for pecuniary gain. The contract is
Such that the less medical service
provided, the greater the monetary
Savings of the A.D.C. and the private
profit of Corizon. Corizon is additionally
caught between the choice, between

the expenses of providing healthcare
to inmates as expense of profit for
Corizon and it's stockholders by witholding
adequate healthcare. This inherant
conflict of interest directly and
proximately caused my injury.
3. For this violation I seek injective
relief.

### Forth Cause of Action

1. I incorporate under this count
see facts and allegations of my complaint.
2. Defendants acts and omissions
are in violation of state laws.
3. I seek exercise of pendent
jurisdiction.

### Fifth Cause of Action

1. I incorporate under this count
see facts and allegations of my complaint.
2. Defendant's continue to punish
me for voicing my complaints in
violation of the 1st and 14th amendments,

42 USC 1983, and curtailed
my free Speech.
3. For this violation I seek 100,000
dollars compensatory and other
releaf.

IGTT430
3GD

**INMATE NAME: Aaron, Barry G.**      **ADC #: 097176**      **GRIEVANCE#:MX-12-02060**

### CHIEF DEPUTY/DEPUTY/ASSISTANT DIRECTOR'S DECISION

On July 20, 2012, you grieved that you were placed on the infirmary ward and had no way to contact anyone if you had a heart attack because there was no intercom system. You had been seen in the ER at St. Vincent's on July 10, 2012, returned to the unit and were placed on the ward for observation. You advised Dr. Babich that you wanted to go back to your cell and he stated he would have you cuffed if necessary.

The medical department responded, "Upon return from the hospital, orders were given to monitor closely, therefore you were placed on the ward. Orders for daily EKG and Vital signs were given and carried out daily. You state that your life was put in jeopardy due to there not being a call light in the cell. You were placed in the infirmary cell so that you could be monitored closely. You state that you could have had a heart attack due to none being able to hear you. This is an anticipated event (an event that may or may not occur) and per grievance policy will not be addressed. Because you were placed on the infirmary ward, monitored closely and all Dr's orders were carried out, I find this grievance to be without merit."

The portion you wrote below the signature lines for your appeal is not part of the appeal. You must write in the designated space according to policy. However, upon investigation, the intercom system was not working and will be fixed. You are not allowed to greive anticipated events, and you were not harmed. Thank you for bringing this to my attention; however, your appeal is without merit as it does not comply with the grievance policy.

Wendy Kelley

**Director**          **Date** 10/17/12

IGTT430
3GD

Attachment VI

**INMATE NAME:** Aaron, Barry G.          **ADC #:** 097176          **GRIEVANCE# :MX-12-02099**

### CHIEF DEPUTY/DEPUTY/ASSISTANT DIRECTOR'S DECISION

On July 26, 2012, you grieved that you were seen by Nurse Woods on July 24, 2012 and he advised you that Mrs. Carswell stated that the shocks you were feeling from your pace maker were normal. You state that Mrs. Carswell was not at the unit during the time you saw Nurse Woods; therefore, he lied about consulting with her regarding your condition. You state that your pace maker is malfunctioning and you need to see a doctor.

The medical department responded, "On 07/24/2012, you were evaluated by Nurse Woods. After discussing your symptoms with you, He discussed the situation with Mrs Carswell who stated that this normal activity of your pacemaker. You were seen again by APN Carswell on 08/21/2012 for the same complaint and after assessing you again this condition was determined to be abnormal, therefore a consult was scheduled for you. We apologize for the inconvenience this has caused, and I find this grievance to be with merit but resolved as you are scheduled to be evaluated offsite."

Your appeal states that you advised Mrs. Carswell when you were released from the ward on July 19, 2012 that your pace maker was malfunctioning and she advised that it was normal. You state that you tried to see Mrs. Carswell every time you had your blood pressure checked. You state that on August 28, 2012, Dr. Mahmood turned your pace maker down, but you are still experiencing the same symptoms just on a weaker scale. You state that the problem with the pace maker needs to be corrected or the pace maker needs to be removed.

On July 16, 2012, Mrs. Carswell noted that you went to Dr. Mahmood this day, he adjusted your pace maker and recommended a three month follow up. She also noted that you reported that you were feeling better. On July 19, 2012, Mrs. Carswell noted that you were complaining of your pace maker shocking you and that she would check to see if it needed further adjustment. There is not a sick call encounter documented in your electronic medical record for July 24, 2012 regarding complaints of your pace maker. You were seen by Mrs. Carswell on August 21, 2012 for complaints of your pace maker shocking you and she noted that while she was assessing you, her hand was on your shoulder and her hand was shocked. Mrs. Carswell noted that you needed to be scheduled with Dr. Mahmood ASAP. On August 28, 2012, Dr. Mahmood adjusted your pace maker and recommended a follow up in six months. On September 13, 2012, Mrs. Carswell noted that Dr. Mahmood recommended Gabapentin to help reduce the perception of the shock from your pace maker, the pace maker is set at a very low setting and that Dr. Mahmood does not want to adjust it down because the voltage may be too low to initiate heart beat and to follow up in his office if the Gabapentin doesn't work. Mrs. Carswell noted that you did not want to take the Gabapentin due to it altering your consciousness and that you wanted to do a stress test with and without the pace maker. Mrs. Carswell did not order the Gabapentin for you. You were seen in sick call on October 2, 2012 with complaints that your pace maker was malfunctioning and the nurse referred you to the provider. You were seen by Dr. Schock on October 10, and in chronic care October 11, and you have an appointment pending with Dr. Mahmood.

Your appeal is without merit.

Wendy Kelley
_____
Director

10/17/12
_____
Date

IGTY430
3GD

Attachment VI

**INMATE NAME: Aaron, Barry G.**      **ADC #: 097176**      **GRIEVANCE#:MX-12-02284**

### CHIEF DEPUTY/DEPUTY/ASSISTANT DIRECTOR'S DECISION

On August 13, 2012, you grieved that your pace maker is malfunctioning. You state that you can feel the shocks from your pace maker. You state that the doctors at UAMS said that you did not need a pace maker, but Dr. Mahmood thought you did need one and now you're having to suffer from it.

The medical department responded, "You were seen by the APN on 08/21/2012 regarding your medical complaint, and referred back to UAMS for evaluation of pacemaker. You were seen on this appointment on 08/29/2012 at which time your pacemaker was adjusted and you were ordered to follow up in 6 months. Your follow up has been documented. Because your medical issue was addressed and continues to be followed, I find this grievance to be without merit."

Your appeal states that you need to see Dr. Ambragini because she is one of the doctors who stated that you did not need a pace maker. You state that you continue to feel the shocks and Dr. Mahmood is not correcting the problem.

Inmates do not get to choose their providers. You have an appointment pending with Dr. Mahmood and you should discuss the need for a pace maker with him. Your treatment is determined by licensed professionals and your concerns need to be discussed with them.

Your appeal is without merit.

_Wendy Kelley_      _10/17/12_
Director           Date