IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

**BARRY G. AARON,**  PLAINTIFF
ADC #97176

v.            Case No.: 5:13-cv-00139-KGB-JTK

**RAY HOBBS,** *et al.*            DEFENDANTS

## ORDER

The Court has reviewed the Proposed Findings and Partial Recommended Disposition submitted by United States Magistrate Judge Jerome T. Kearney and the objections filed. After carefully considering the objections and making a *de novo* review of the record in this case, the Court concludes that the Proposed Findings and Partial Recommended Disposition should be, and hereby are, adopted in part as this Court's findings.

There are no objections to the dismissal of defendants Ray Hobbs, Benny Magness, and Bobby Glover. Accordingly, they are dismissed from this action, with prejudice, for failure to state a claim upon which relief may be granted.

Plaintiff Barry G. Aaron objects to the recommendation to dismiss defendant Dr. Sadeem Mahmaad. The Partial Recommended Disposition finds that Dr. Mahmaad, as a private physician, cannot be a state actor for purposes of 42 U.S.C. § 1983. *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 929 (1982). However, in *West v. Atkins*, the Supreme Court ruled that when a physician provides medical care to a prisoner pursuant to a contract with the state he is acting under color of state law. 487 U.S. 42, 54-58 (1988). Although the facts eventually discovered here may make *West*'s applicability debatable, this Court finds that Mr. Aaron has alleged in his complaint facts sufficient to survive screening on the issue of whether Dr. Mahmaad can be a state actor for purposes of § 1983.

To bring a § 1983 claim against Dr. Mahmaad, Mr. Aaron also must allege facts showing that Dr. Mahmaad was deliberately indifferent. "To show the prison officials failed to provide adequate medical treatment, [a plaintiff] must prove '(1) he suffered from an objectively serious medical need, and (2) defendants knew of the need yet deliberately disregarded it.'" *Holden v. Hirner*, 663 F.3d 336, 342 (8th Cir. 2011) (quoting *Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004)). The Partial Recommended Disposition did not reach this issue because it had already recommended dismissal of Mr. Aaron's claims against Dr. Mahmaaad based on the state actor issue. This Court notes that "[g]rossly incompetent or inadequate medical care can constitute deliberate indifference, as can a doctor's decision to take an easier or less efficacious course of treatment." *Langford v. Norris*, 614 F.3d 445, 460 (8th Cir. 2010). In his objection to the Partial Recommended Disposition, Mr. Aaron alleges that Dr. Mahmaad demonstrated "deliberate indifference . . . by refusing to expose his failure to attach the lead to the top chamber of Aaron's heart. Doctor Mahmaad knew of the pain being inflicted on Aaron and attempted to cover up this incomplete surgery by making up stories . . . and by prescribing unneeded medication" (Dkt. No. 16, at 2-3). The Court finds that the facts alleged state a claim for relief against Dr. Mahmaad for deliberate indifference that is plausible on its face. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

The Court concurs in the recommendation to dismiss defendant Wendy Kelley, but the Court reaches this result for a different reason. The Partial Recommended Disposition finds that Ms. Kelley should be dismissed because her alleged failure to investigate properly and/or respond to plaintiff's grievance allegations does not support a constitutional claim under § 1983. Specifically, the Partial Recommended Disposition cites two cases in support of this recommendation, *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002), and *Buckley v. Barlow*,

997 F.2d 494, 495 (8th Cir. 1993). However, neither case finds that a prison supervisor cannot be held personally liable for medical indifference claims brought by a prisoner if the supervisor was deliberately indifferent to the prisoner's serious medical need—which, in this Court's view, is what Mr. Aaron alleges. Instead, the cases stand for the proposition that merely failing to provide a grievance process or grant a prisoner's grievance does not, without something more like deliberate indifference, state a substantive constitutional claim.

Prison supervisors can be liable for their "personal involvement in a constitutional violation, or when their corrective inaction amounts to deliberate indifference or tacit authorization of the violative practices." *Langford*, 614 F.3d at 460 (quoting *Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993)). "Where a prisoner needs medical treatment prison officials are under a constitutional duty to see that it is furnished." *Id.* (quoting *Crooks v. Nix*, 872 F.2d 800, 804 (8th Cir. 1989) (citing *Estelle v. Gamble*, 429 U.S. 97, 103 (1976)). A claim of medical indifference must be brought, if at all, against the individuals directly responsible for the prisoner's medical care. *Compare Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) (holding that superintendent of correctional facility was not directly responsible because he was not involved in the treatment decisions and never received a complaint or grievance from the prisoner), *and Brown v. Wallace*, 957 F.2d 564, 566 (8th Cir. 1992) (holding that defendants could not be found directly responsible merely because of their supervisory roles), *with Langford*, 614 F.3d at 460–61 (holding that prison supervisor who knew of deficient medical care could be directly responsible). Because Ms. Kelley oversaw plaintiff's grievance process and thus knew of plaintiff's allegedly deficient medical care, the Court finds that she could be found directly responsible for Mr. Aaron's medical care, which would make her liable if she is also found deliberately indifferent.

However, the facts alleged do not show that Ms. Kelley was deliberately indifferent because they do not show that she deliberately disregarded Mr. Aaron's medical need. *See Holden*, 663 F.3d at 342. In reviewing Mr. Aaron's grievances, Ms. Kelley noted that Mr. Aaron's medical concern had been and continued to be treated by Dr. Mahmaad, and advised Mr. Aaron to take up further medical concerns with his doctor (Dkt. No. 13, at 35). Mr. Aaron grieved that Dr. Mahmaad was "not correcting the problem," but the Court determines that Ms. Kelley did not deliberately disregard Mr. Aaron's medical need by sending him back to a licensed medical professional (*See id.*). *See Holden*, 663 F.3d at 343 ("Prison officials lacking medical expertise are entitled to rely on the opinions of medical staff regarding inmate diagnosis and the decision of whether to refer the inmate to outside doctors or dentists."); *Glover v. Hobbs*, 2013 WL 4758226, at *3 (E.D. Ark. Sept. 3, 2013) (finding that, where prison doctor determined no treatment was necessary, "decision to deny a second opinion does not create a cognizable constitutional violation"). For this reason, Mr. Aaron's claim against Ms. Kelley is dismissed.

IT IS THEREFORE ORDERED THAT defendants Mr. Hobbs, Mr. Magness, Mr. Glover, and Ms. Kelley be dismissed from this action, with prejudice, for failure to state a claim upon which relief may be granted. The Court declines to adopt the Proposed Findings and Partial Recommended Disposition in all other respects.

IT IS SO ORDERED THIS the 17th day of December, 2013.

_____
KRISTINE G. BAKER
UNITED STATES DISTRICT JUDGE