**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**BARRY G. AARON,**                                                                                    **PLAINTIFF**
**ADC #97176**

**v.**                                        **Case No. 5:13-cv-00139-KGB-JTK**

**RAY HOBBS,** *et al.*                                                                               **DEFENDANTS**

<u>**ORDER**</u>

Before the Court is plaintiff Barry G. Aaron's motion to withdraw consent (Dkt. No. 73),

motion for recusal (Dkt. No. 82), and second motion for recusal (Dkt. No. 83).  In his motion to

withdraw consent, Mr. Aaron requests "that his consent be rendered moot and authority

transferred to United States Judge Kristine G. Baker, for any other rulings on this civil action"

(Dkt. No. 73).  Mr. Aaron admits, however, that he signed a consent form to allow Magistrate

Judge Jerome T. Kearney to preside over, and make rulings regarding, his case.

Under 28 U.S.C. § 636(c)(1), a civil action may be referred to a magistrate judge upon

consent of the parties.  Although Mr. Aaron admits he gave consent, this action was not referred

to Judge Kearney under § 636(c)(1).  Instead, it was referred under 28 U.S.C. § 636(b)(1)(B).

This provision does not require a party's consent for referral.  By enacting § 636(b)(1)(B),

"Congress authorized the nonconsensual referral to magistrates for a hearing and recommended

findings 'of prisoner petitions challenging conditions of confinement.'"  *McCarthy v. Bronson*,

500 U.S. 136, 137 (1991) (quoting § 636(b)(1)(B)).  Accordingly, Mr. Aaron's withdrawal of

consent does not divest Judge Kearney of authority to make rulings appropriate under § 636(b)

and Local Rule 72.1.

Even if this case had been referred under § 636(c)(1), once consent to proceed before a

magistrate judge is given under § 636(c)(1), there is no absolute right to withdraw that consent.

*See Fellman v. Fireman's Fund Ins. Co.*, 735 F.2d 55, 58 (2d Cir. 1984); *Carter v. Sea Land Servs., Inc.*, 816 F.2d 1018, 1020-21 (5th Cir. 1987); *Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1993).  Rather, a party must show "extraordinary circumstances" for such withdrawal.  28 U.S.C. § 636(c)(4).  Mr. Aaron has not demonstrated extraordinary circumstances for withdrawal of his consent.

In his motions for recusal, Mr. Aaron requests that Judge Kearney "dismiss himself from this civil action" but that "this motion and brief in support be presented to" this Court for a ruling (Dkt. No. 82, at 3; *see* Dkt. No. 83, at 2).  A magistrate judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" or "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."  28 U.S.C. § 455(a), (b)(1).  In support of his motion for recusal, Mr. Aaron explains that, in all of Judge Kearney's orders, he "has ruled in favor of the defendants" (Dkt. No. 82, at 2; *see* Dkt. No. 83, at 1); he provides no other evidence of impartiality, bias, or prejudice.  Adverse rulings neither establish judicial bias or prejudice nor create a reasonable question of judicial impartiality.  *United States v. Oaks*, 606 F.3d 530, 537 (8th Cir. 2010) (citing *United States v. Schwartz*, 535 F.2d 160, 165 (2d Cir. 1976)); *Lefkowitz v. Citi-Equity Grp., Inc.*, 146 F.3d 609, 611-612 (8th Cir. 1998) (citing *Liteky v. United States*, 510 U.S. 540, 549, 555 (1994)).

It is therefore ordered that Mr. Aaron's motion to withdraw consent (Dkt. No. 73), motion for recusal (Dkt. No. 82), and second motion for recusal (Dkt. No. 83) are hereby denied.

SO ORDERED this the 12th day of February, 2014.

_____
KRISTINE G. BAKER
UNITED STATES DISTRICT JUDGE